Seawell, J.
delivered the opinion of the Court.
From the will referred to in this case, it appears, the testator devised to his daughter Sarah a negro girl, Nanny, and to his wife a negro woman, Fanny, the mother of Nanny. By another clause, the testator devises to his daughter Nancy the first child Fanny should have; and in case Fanny has no other child, devises her to Nancy. By a further clause the testator devises in these words: “That if Fanny should have three children more, that they belong to my two youngest daughters, Sarah and Nancy, two a-piece, including Nanny already given; and all the rest (should she have more than three children, and my said daughters get two a-piece) to be equally divided between Benjamin and David.” In the latter part of the will, the testator makes a further-devisees follows: "That should Fanny have three children, so that my two (evidently meaning two daughters ) get two a-piece, then, at my wife’s death, Fanny and the rest of her children to be the property of David and Benjamin.”
The necessary effect of every devise or legacy is to vest immediately, if not controlled, or otherwise limited. As soon, therefore, as three children were born, they became vested in the daughters, and they then had, according to the expressions of the will, “two a-piece,” including Nanny.
Fanny, and the rest of her increase, then became vested in Benjamin and David; which the after death of one of the issue of Fanny, then living, could not alter or affect; and *373 the widow, to whom Fanny’s issue is devised, by implication for life, being dead, and it being stated in the case that Benjamin hath legally conveyed to the plaintiff, we are of opinion he is entitled to recover.